## Re Road in Moon Township.

The inquiry of the supreme court, on certiorari to a court of quarter sessions to review proceedings in laying out a public road, must be wholly confined to the record and cannot extend to the facts as on an appeal.

(Decided November 15, 1886.)

October and November Term, 1886, No. 200, W. D. Certiorari to the Quarter Sessions of Allegheny County to review an order confirming a report of viewers laying out a public road. Affirmed.

In pursuance of a petition of divers citizens of Moon township, filed October 28, 1884, setting forth that they labored under inconvenience for want of a public road or highway to lead from the intersection of the Pittsburgh and Middletown road at Aaron Beer's to Mrs. Torrence's, on the Middletown road, the court appointed viewers who proceeded to make a view of the proposed road.

November 29, 1884, the court directed that "the order to view in this case is continued."

February 28, 1885, it directed that the order to view be continued to next term.

June 6, 1885, the report of the viewers in favor of the proposed road was presented in open court and confirmed nisi. Exceptions were filed which were overruled after notice to the parties interested, and argument, and the report confirmed absolutely.

September 1, 1885, a petition for review was presented and reviewers appointed.

September 5, 1885, the order to review was continued, returnable to December term.

December 12, 1885, an adverse report was presented by the reviewers and confirmed.

February 8, 1886, a petition for re-review was filed and re-reviewers were appointed. March 5, 1886, the re-reviewers made the following report:

We, R. L. McCully, artist, James Ramsey, and L. E. Burkhart, the re-reviewers appointed by this court at No. 4, September session, 1884, to re-review a proposed public road in Moon township, leading from the intersection of the Pittsburgh and Middletown roads, at Aaron Beer's to Mrs. Torrence's, on the Middletown road, respectfully report that having given public notice or acted by law, all the re-reviewers met pursuant to said notice on the 19th day of February, A. D. 1886, at 10 o'clock, A. M., at residence of Mrs. Torrence, on the line of the proposed road.

And all the re-reviewers, having been sworn in the manner directed by law, reviewed lands between the points hereinbefore named, the parts of the country adjacent thereto, the roads heretofore laid out and opened by authority of law in the vicinity, and the route for a public road as reported by the viewers heretofore appointed in this case. And after consideration and diligent inquiry and examination as to the necessity for said road, we are unanimously of the opinion that the prayer of the petitioners should be granted, for the reason that parts of the road now in use are badly located and unfitted for travel, being upon a steep hillside or at a grade in places of about eleven degrees, and that it is expensive, inconvenient, and burdensome to the township to maintain the same.

We, therefore, report that a public road is necessary between

the points named, and that parts of the old road are expensive, inconvenient, and burdensome, and unfitted for a public road. We do therefore approve of the report of the viewers, and recommend that the report made by them be confirmed, and report that the road as located by the viewers is necessary for public use, and that it has been distinctly marked upon the ground as follows, *viz.* (here follows detailed description of route laid out and also of that part of the old road vacated):

And the said re-reviewers further report that they endeavored to procure, from all the owners of the land over which the said road passes, releases in writing from all claims for damages that may arise from the opening of the same, and that having failed to procure such releases and having taken into consideration the advantages to be derived by the said owners of land, from opening of said road, we have assessed the damages sustained by the said landowners as follows, *viz.:*

B. Meek $85, John Getty $156, Wm. McClinton $225, W. Nesbit $325, P. Seibert $60, J. Seibert $60.

And we do further report that all the said damages should be paid by the county of Allegheny.

Exceptions to this report, which were dismissed, were filed and an order made to open the proposed road and vacate the old one.

August 7, 1886, W. E. Nesbit asked for a stay of proceedings until a petition could be presented to vacate the proposed road. The court granted a rule to show cause and meanwhile stayed all proceedings; but August 28, 1886, the rule was discharged.

Nesbit thereupon obtained this writ and assigned for error the action of the court:

1. In overruling the first exception filed to the report of viewers, said exception being as follows:

"The report was not filed to next (Dec.) term of court as required by law; and the order was not continued and made returnable to the next succeeding term."

2. In overruling the second exception filed to the report of viewers, said exception being as follows:

"It does not appear from the return and report of viewers that they were sworn as required by act of assembly."

3. In overruling the first exception to the proceedings on re-review, said exception being as follows:

"No copy of notice alleged to have been given of the time and

place of meeting for the purpose of re-review is filed, and the petition and report fix the place of beginning at 'intersection of the Pittsburgh and Middletown road, at Aaron Beer's,' and said report fixes place at which viewers met as 'residence of Mrs. Torrence.' "

4. In overruling the second exception to said proceedings as follows:

"One of the re-reviewers, James Ramsey, is the father-in-law of J. S. Stewart, one of the petitioners and active promoters of said proceedings to lay out road," etc.

5. In overruling the following exceptions, to wit:

"Said report is untrue in fact, in that it sets forth that the re-reviewers endeavored to procure releases from all claims for damages. No effort whatever was made to procure release or agree upon damages so far as exceptant is concerned. He was not consulted upon the subject."

6. The court erred in making the order of August 28, 1886, discharging the rule to show cause why proceedings should not be stayed on order to open road.

7. The court erred in making the order of August 28, 1886, refusing application for appointment of viewers on petition to vacate road as laid out.

8. The court erred in not designating which of the several reports filed it adopted.

*J. McF. Carpenter* for plaintiff in error.

*A. M. Brown* and *John S. Lambie* for defendant in error.

PER CURIAM:

It is probable that had we the power to review the facts in this case as on an appeal, we might discover something wrong; but as our inquiry must be wholly confined to the record, we can discover nothing that requires reversal.

The order of the Quarter Sessions is affirmed.